UNITED STATES of America

v.

**Michael CALVI and Frank Langella, Defendants.**

**No. 93 Cr 363 (VLB).**

United States District Court, S.D. New York.

Sept. 13, 1993.

**222**

Deirdre M. Daly, Asst. U.S. Atty., White Plains, NY, for U.S.

Richard Fulfree, Yonkers, NY, for defendant Calvi.

Howard Cerny, New York City, for defendant Langella.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

In this prosecution based on alleged corruption of Yonkers public officials, involving mail and wire fraud, extortion and conspiracy, in violation of 18 U.S.C. §§ 371, 1343, 1346, 1951, and of the aiding and abetting provision of 18 U.S.C. § 2, defendant Michael Calvi has moved for a bill of particulars pursuant to Fed.R.Cr.P. 7(f). Except to the extent that relief is granted by means of interpretations of the indictment contained in this memorandum order, the motion is denied.

### II

Count one of the indictment describes the substantive objectives of the alleged conspiracy, to deprive the citizens of Yonkers of the honest services of their public officials, as described in 18 U.S.C. § 1346. Paragraph 6

of that count, however, uses language which states that the defendants did, rather than agreed to, transmit writings by means of wire communication in interstate commerce for illegal purposes in violation of 18 U.S.C. § 1343. The question is presented whether this could be construed as a failure to allege that the conspiracy included agreement to violate the jurisdictional element of 18 U.S.C. § 1343.

The heading of ¶ 6 reads "Objectives of the Conspiracy," which is ample to provide the court and the defendants with the notice, which is a major purpose of an indictment, that they are charged with agreeing to use wire communication as set forth in ¶ 6 as well as with having done so.[1] Any risk that the defendants might be unaware that this interpretation of count one will be applied, will be dispelled by my explicit finding in this memorandum order.

Count one of the indictment will be construed as charging an agreement by the defendants to transmit wire communications in interstate commerce in furtherance of the scheme described in count one, contrary to 18 U.S.C. § 1343, as well as actual use of such communications.

### III

Defendant Calvi also argues that references in the indictment to 18 U.S.C. § 2, prohibiting the knowing aiding and abetting of federal crimes, are confusing because details of such aiding and abetting are not set forth. There is no occasion for such confusion. The purpose of the reference to section 2 is to advise the defendants that if the proof turns out to show merely assistance in the corrupt and extortionate acts charged or the use of interstate wire communications, a conviction

---

1. The parties have not raised, and it is not now necessary for me to consider, whether or not defendants who agree to join in a corrupt scheme contrary to 18 U.S.C. §§ 1343 and 1346 must also agree to the jurisdictional use of interstate wire communication in order to be prosecuted for conspiracy under 18 U.S.C. § 371, and whether the indictment must allege an agreement to violate the jurisdictional element.

  Precedent suggests that purely jurisdictional elements are for the court rather than being part

of the crime which must be proven beyond a reasonable doubt before a jury where a jury trial is had. It is thus possible that federal jurisdiction could be found if the conspiracy in fact led to use of interstate facilities whether that was originally part of the criminal bargain or not, so long as the agreement embraced the evils at which the relevant statute is directed. See *United States v. Ricciardi*, 357 F.2d 91 (2d Cir.), *cert. denied*, 384 U.S. 942, 86 S.Ct. 1464, 16 L.Ed.2d 840 (1966).

may be had even if the defendant involved did not do these things directly.

## IV

An order directing filing of a bill of particulars in regard to this rather detailed indictment would be inappropriate in view of the United States attorney having responded to all other discovery requests of the defense, and no claim of inadequacy of that response having been made.

The prosecution is in the best position to know in advance of trial whether any of its evidence is likely to produce surprise making it difficult for the defense to cross-examine the applicable witnesses or otherwise defend the case with full vigor. If such a risk exists, it will be in the interest of the United States to furnish further information in advance of trial to avoid the need for a continuance during the trial to alleviate any adverse consequences which may flow from such surprise.

Rule 7(f) of the Federal Rules of Criminal Procedure does not require the United States Attorney to furnish a three dimensional colored motion picture of the prosecution's proof prior to trial. In the event that actual unfair surprise can be shown, an appropriate continuance may be considered.

SO ORDERED.